# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Blue Castle (Cayman) Ltd.,<br><br>                              Plaintiff,<br><br>       -v-<br><br>David Jones; Jacqueline Callahan; Principis Capital, LLC; Toprock Funding, LLC; Incorporated Village of Lynbrook; The People of The State of New York; Nassau County District Attorney; Town of Oyster Bay Tax Collector; Robert Baxmeyer; Victoria Tortola; and Jonathan Jones,<br><br>                              Defendants. | 2:24-cv-953<br>(NJC) (ARL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On February 9, 2024, Plaintiff Blue Castle (Cayman) Ltd. ("Plaintiff") filed a Complaint (Compl., ECF No. 1) in this foreclosure action against several Defendants, including the "People of the State of New York" ("New York State"). The Complaint invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 13.) For the reasons set forth below, the Complaint is dismissed without prejudice for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (citations and quotation marks omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to

adjudicate a particular category of cases." *Id.* at 617 (citation and quotation marks omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). When a district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3).

28 U.S.C. § 1332(a) ("Section 1332(a)") grants federal courts original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and the action is between:

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity among the plaintiffs and defendants in the action. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). Here, the Complaint invokes this Court's diversity jurisdiction as a suit between citizens of different states, but names New York State as a defendant. (Compl. ¶¶ 8, 13.) "There is no

2

question that a State is not a 'citizen' for purposes of diversity jurisdiction." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973); *see also Postal Tel. Cable Co. v. State of Ala.*, 155 U.S. 482, 487 (1894) ("A state is not a citizen."). Because Plaintiff has chosen to bring this action against a State, this Court lacks diversity jurisdiction under Section 1332(a).

The Complaint alleges no grounds for federal jurisdiction other than Section 1332(a). (*See* Compl. ¶ 13.) Accordingly, this Court lacks subject matter jurisdiction and must dismiss the case under Rule 12(h)(3). *See Do No Harm*, 96 F.4th at 120–21.

## CONCLUSION

For the reasons set forth above, this action is dismissed without prejudice pursuant to Rule 12(h)(3), Fed. R. Civ. P., for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

Dated: Central Islip, New York
December 26, 2024

                                               */s/ Nusrat J. Choudhury*
                                               NUSRAT J. CHOUDHURY
                                               United States District Judge