UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Blue Castle (Cayman) Ltd.,<br><br>        Plaintiff,<br><br>     -v-<br><br>David Jones, Jacqueline Callahan, Principis Capital, LLC, Toprock Funding, LLC, Incorporated Village of Lynbrook, The People of The State of New York, Nassau County District Attorney, Town of Oyster Bay Tax Collector; Robert Baxmeyer, Victoria Tortola, and Jonathan Jones,<br><br>        Defendants. | 2:24-cv-953<br>(NJC) (ARL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

The Court has reviewed Plaintiff Blue Castle (Cayman) Ltd.'s Motion for Reconsideration of the Court's December 26, 2024 Order Dismissing the Case for lack of subject matter jurisdiction pursuant Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Local Civil Rule 6.3. (Mot. Recons., ECF No. 34). In the December 26, 2024 Order, the Court found it lacked jurisdiction under 28 U.S.C. § 1332(a) because the Complaint named "the People of the State of New York" ("POSNY") as a defendant, destroying diversity of the parties as required for diversity jurisdiction. (Order Dismissing Case, Dec. 26, 2024.)

Plaintiff moves for reconsideration of the Order and, in the alternative, seeks an order "dropping the defendant the People of the State of New York" under Rule 21, Fed. R. Civ. P. In support of both requests, Plaintiff contends that Rule 21, Fed. R. Civ. P., empowers the Court to dismiss dispensable, non-diverse parties in order to establish diversity jurisdiction over an action. (Mot. Recons. at 7–8.) Plaintiff argues that failure to grant reconsideration will result in manifest

injustice in that Plaintiff will have incurred $8,575.63 in attorney's fees and costs in bringing this litigation and will incur additional costs for refiling this case in state court. (Mot. Recons. at 9.)

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed its motion on December 31, 2024. Plaintiff's motion is timely.

Rule 60(b) affords relief from final judgment or an order of the Court for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

In the context of a Rule 59 or Rule 60 motion for reconsideration, "[t]he manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (citations and internal quotation marks omitted).

Under Local Rule 6.3, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "The standard for granting such a motion is strict." *Id.* (citation omitted).

Plaintiff fails to point to any controlling precedent indicating that, in an action premised on diversity jurisdiction under 28 U.S.C. § 1332(a), the Court is *required*, first, to determine sua sponte whether a non-diverse named defendant is dispensable and, second, if the party is deemed

to be dispensable, to dismiss that party sua sponte in order to retain diversity jurisdiction where otherwise such jurisdiction is lacking. Plaintiff has not identified any intervening change in controlling law, new evidence, mistake, or the need to correct clear error that would warrant reconsideration under Rules 59, 60, or Local Rule 6.3.

Plaintiff's submission argues that a denial of the motion for reconsideration of the Court's dismissal of this action for lack of jurisdiction will result in manifest injustice because Plaintiff will have incurred $8,575.63 in attorney's fees and costs in bringing this action in this Court. The fact that Plaintiff has incurred attorney's fees and costs by choosing to file this action in federal court rather than state court, despite Plaintiff's failure to establish that the parties are completely diverse as required under 28 U.S.C. § 1332(a) is not a manifest injustice. *See e.g., Grant v. Lockett*, 610 F. Supp. 3d 448, 450 (N.D.N.Y. 2022). Accordingly, Plaintiff's Motion for Reconsideration is denied.

Dated: Central Islip, New York
January 8, 2025

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge